McGEE, Judge ad hoc.
This is an appeal from a judgment of the Second City Court of New Orleans, wherein Philip Zernott, Sr. on behalf of his minor child Philip Zernott, Jr., was awarded damages for personal injuries and loss of property against the defendants Robert L. Hob-bie and Phyllis S. Hobbie, his wife, as a result of an automobile collision between the car driven by Mrs. Hobbie and a motorbike ridden and driven by the said Philip Zernott, Jr. The Delta Service Company, Inc., was also made a defendant but after the trial, *730 the suit was dismissed as to the Delta Service Company, Inc., by stipulation.
Now this accident happened near the P. I. G. Super Market located on General Meyer Avenue in Algiers. The street is a four lane highway divided by a narrow neutral ground, there being two lanes each way. In front of the Super Market is a paved parking area and also on the side of the store; that cars using the front area drive straight in and park perpendicular to the highway, the front of the cars face the front of the store. Now the cars parked in front of the store leave by backing out into the lane of traffic and turn into the roadway.
Now it further appears from the evidence that when the defendant left the store, after doing her family shopping, she backed her automobile out over and across the two lanes of traffic and into the break in the neutral grounds separating the lanes, and thus placing the rear of her car on the opposite side of the neutral ground while the front end of her automobile was on the store side of the highway.
While Mrs. Hobbie was thus in the break of the neutral ground or opening in thei neutral ground, along came Philip Zernott, Jr., driving in the lane of traffic next to the store side of the highway, and as the record shows he was coasting along with his gas throttle off watching the cars in the parking area in front of the store. He testified that he had observed the defendant back out of the parking area in front of the store and across his lane of travel and into the traffic lane on the opposite side of the neutral ground and thus, assuming that she was going to use the roadway on the other side of the neutral ground. He next observed the defendant coming back across his lane of travel, apparently heading for the parking area along the side of the store building and before he could apply his brakes the automobile and the motorbike collided. The evidence further shows that the front of defendant’s automobile bore evidence of the collision by red paint from the motorbike showing on the front bumper of the defendant’s automobile. The collision practically destroyed the motorbike and young Zernott was knocked off of his vehicle and thrown into the parking area, suffering from bruises and shock.
The defendants deny liability in the matter and alternatively plead contributory negligence on the part of the plaintiff in bar of any recovery.
The trial judge resides in the community where this store is located and has had occasion from time to time to be in this store and knows the area and the scene of the accident and in fact passes by the store everyday. After hearing all of the evidence the trial judge found the defendant negligent and rejected defendant’s plea of contributory negligence and awarded plaintiff judgment in the amount of Six hundred seven and 15/100 dollars. Among his reasons for judgment the trial court stated,
“First of all, let me say that by admission of counsel and by the lack of evidence, the Delta Service is dismissed from this suit, because there has been no evidence whatsoever to connect them with this obligation.
“The Court is also of the opinion that this is a community obligation and so will dismiss the suit, as far as the defendant’s wife is concerned, should there be liability in the matter, because there is no showing — there is showing that this is a community obligation and in connection with argument of counsel, it is impossible to have the wife and community both held in the same action.
“Now, the Court is very well familiar with this section on General Meyer and after listening to the testimony of the witnesses and to the physical evidence as to where the vehicles finally came to a rest, and where the injured plaintiff finally laid, is of the opinion that the accident could not have happened *731 in any other section but in the vicinity as testified to by the plaintiff.
“Defendant was admittedly backing across the highway and attempting to make a turn to get into the highway, which would, in itself, constitute negligence in this matter.
“The only thing to consider is whether the plaintiff is guilty of contributory negligence. A party crossing a highway is under the obligation to make sure it is clear before they come into this highway at the most favorable position that can be ascertained, that can be assigned to the defendant, is that she was in the process of crossing over the highway to go into this parking area with the viewpoint of getting around the back, when the vehicle of the plaintiff struck the fender of her car.
“There is considerable doubt whether the plaintiff struck the car or whether he was struck in the front, but the Court is of the opinion that considering the facts, it would make no difference as far as the contributory negligence factor is concerned as to whether or not the boy was struck or struck the defendant’s automobile.
“The Court is of the opinion that the accident was caused solely by the negligence of the defendant in making a dangerous maneuver, and that the plaintiff was in no way guilty of contributory negligence, as he was proceeding in a lawful manner along a lawful highway and did not display any degree of negligence in the matter.
“In considering the damage, the Court is of the opinion that allowing for the cost of the bike, salvage and depreciation, that a value of $150.00 will be agreeable. There will be a $5.00 doctor bill, a $2.16 drug bill, which was admitted and considering the testimony of the physical damage suffered to the boy, the Court is of the opinion that $450.00 will be, reasonable in the matter.” (Tr. 78)
After a careful review of the record, we find no reversible error. .
It appears that the judgment should be recast to award Philip Zernott, Sr., individually, the doctor bill in the sum of $5.00 and drug bill in the sum of $2.16 and that Philip Zernott, Sr., for the use and benefit of the minor Philip Zernott, Jr., the sum of $150.00 for the motorbike, being the amount determined after depreciation and sale of salvage, and the sum of $450.00 for pain and shock.
For the reasons above given, the judgment appealed, as amended, is affirmed.
Affirmed.